IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOROTHY G. GLASS o/b/o
DAVID O. HENTHORN,
    Plaintiff,

vs.                                    CASE NO.:  3:03cv489/MCR/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.
_____

**ORDER**

      Before the court is Plaintiff's Motion for Attorney Fees and Expenses Under The Equal Access to Justice Act (EAJA) (Doc. 21).  Plaintiff seeks an award of fees ($2,875.00) and expenses ($17.25) totaling $2,892.25, and filing fee costs of $150.00.  Defendant has responded to the motion and does not contest the amounts requested (Doc. 22).

      The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

      In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993) the Supreme Court held that a social security Plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  Here, the court reversed the decision of the Commissioner under sentence four (see Doc. 19).  The application was filed timely, and the

Commissioner's position was not substantially justified.  Defendant does not disagree that fees and expenses should be paid in this case (Doc. 24).  Accordingly, Plaintiff is clearly entitled to fees and costs.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for 23 hours in attorney fees spent representing Plaintiff in court-related proceedings and in obtaining an award of fees and costs from the court. He seeks compensation at the rate of $125 per hour.  Defendant has represented to the court that they do not contest attorney fees and expenses totaling $2,892.25, and filing fee costs in the amount of $150.00, however Defendant asserts that the filing fee should be paid from the Judgment Fund administered by the United States Treasury.

It is therefore **ORDERED**:

1. The Plaintiff's Motion For Attorney Fees And Costs (Doc. 21) is granted as set forth below.

2. Plaintiff's counsel, James F. McKenzie, Esquire, is entitled to recover  fees and expenses in the amount of $2,892.25 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees requested under the EAJA is reasonable; and the Commissioner is directed to pay counsel that amount.  Costs in the amount of $150.00 are also awarded, to be paid from the Judgment Fund of the United States Treasury.

At Pensacola, Florida this 14th day of June, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 3:03cv489/MCR/EMT